# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**LUIS R. NIEVES-CANALES,**

   **Petitioner,**

   v.

**UNITED STATES OF AMERICA,**

   **Respondent.**

**Civil No. 16-2677 (ADC)**

[**related to Criminal No. 07-547-16 (ADC)**]

## OPINION AND ORDER

Before the Court is Luis R. Nieves-Canales' ("Petitioner" or "Nieves-Canales") *pro-se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. section 2255 and Memorandum in Support. **ECF No. 1**. The government filed its opposition. **ECF No. 11**. For the reasons set forth below, petitioner's motion under 2255 to vacate his sentence is **DENIED**.

### I.     Background

On June 3, 2008, Nieves-Canales along with one hundred and twenty (120) co-defendants was charged in a Superseding Indictment. Petitioner (defendant number sixteen of the Superseding Indictment) was charged in counts one (1) through five (5) as well as in count eight (8) (**Crim. No. 16-2677, ECF No. 1007**).

Count One (1) charged: beginning in or about January 2000 and continuing up to and until the return of the instant indictment in San Juan and Aibonito, the District of Puerto Rico,

and elsewhere within the jurisdiction of this Court, Luis R. Nieves-Canales, a/k/a "Sito"[1], and one hundred and twenty (120) co-defendants, the defendants herein, did knowingly and intentionally conspire, combine, and agree together and with each other and others known and unknown to the Grand Jury, to commit offenses against the United States, that is to possess with intent to distribute one (1) kilogram or more of heroin, a Schedule I Narcotic Drug Controlled Substance; fifty (50) grams or more of cocaine base (hereinafter referred to as "crack cocaine"), a Schedule II, Narcotic Drug Controlled Substance; one hundred kilograms or more of cocaine, a Schedule II, Narcotic Drug Controlled Substance; one hundred kilograms or more of a substance containing detectable amount of marijuana, a Schedule I Controlled Substance, within one thousand (1,000) feet of the real property comprising a housing facility owned by a public housing authority, that is, the Jardines de Selles and El Prado Public Housing Projects located in San Juan, Puerto Rico and Las Flores and Liborio Ortiz Housing Projects located in Aibonito, Puerto Rico. All in violation of Title 21, United States Code, Section 846, 841(a)(1), and 860. **Crim. No. 07-547-16, ECF No. 1007** at 11.

Counts Two (2) to Five (5) charged: beginning in or about January 2000 and continuing up to and until the return of the instant indictment in San Juan and Aibonito, the District of Puerto Rico, and elsewhere within the jurisdiction of this Court, Luis R. Nieves-Canales, a/k/a "Sito" and one hundred and twenty (120) co-defendants, the defendants herein, aiding and

---

[1] Nieves-Canales was described as "the owner of a powder cocaine distribution point within Las Flores and Liborio Public Housing Projects and acted as an enforcer and seller within this conspiracy. **Crim. No. 07-547-16, ECF No. 1007** at 18.

abetting each other and diverse other persons known and unknown to the Grand Jury, did knowingly and intentionally possess with the intent to distribute one kilogram or more of a mixture or substance containing a detectable amount of heroin, a Schedule I, Narcotic Drug Controlled Substance [Count Two], fifty (50) grams or more of a mixture or substance containing a detectable amount of cocaine base ("crack"), a Schedule II, Narcotic Drug Controlled Substance [Count Three], five (5) kilograms or more of a mixture containing a detectable amount of cocaine, a Schedule II, Narcotic Drug Controlled Substance [Count Four] and one hundred (100) kilograms or more of a mixture or substance containing a detectable amount of marihuana, a Schedule I Controlled Substance [Count Five], within one thousand (1,000) feet of the real property comprising a housing facility owned by a public housing authority, that is, the Jardines de Selles and El Prado Public Housing Projects located in San Juan, Puerto Rico and Las Flores and Liborio Ortiz Public Housing Projects located in Aibonito, Puerto Rico. All in violation of Title 21, United States Code, Sections 841(a)(1) and 860 and Title 18, United States Code, Section 2. **Crim. No. 07-547-16, ECF No. 1007** at 26-39.

Count Six (6) charged: beginning in or about January 2000 and continuing to and until the return of the instant indictment in San Juan and Aibonito, the District of Puerto Rico, and elsewhere within the jurisdiction of this Court, Luis R. Nieves-Canales, a/k/a "Sito", and thirty five (35) other co-defendants, the defendants herein, did knowingly and intentionally conspire, combine, and agree together and with each other and others known and unknown to the Grand Jury, to commit offenses against the United States, that is, to possess firearms, and ammunition,

during and in relation to a drug trafficking crime, as charged in Counts ONE through FIVE of this Indictment, which may be prosecuted in a Court of the United States. All in violation of Title 18, United States Code, 924(o). **Crim. No. 07-547-16, ECF No. 1007** at 40-41.

Count Eight (8) is a narcotics forfeiture allegation against all co-defendants pursuant to Title 21, United States Code, Sections 853 and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

On February 4, 2011, after seventeen (17) days of jury trial, the jury returned a verdict of guilty as to Nieves-Canales in Counts, One (1), Three (3), Four (4), Five (5) and Six (6). The jury returned a verdict of not guilty as to Count Two (2). **Crim. No. 07-547-16, ECF No. 4034**[2]. In addition the jury determined that Nieves-Canales was to forfeit any money judgment and/or property to the United States all property, real and/or personal titles interests in properties, constituting, commingled or derived from the proceeds he obtained directly or indirectly as the result of the criminal activity charged and for which he was convicted on all five or either one of the Counts One through Five of the indictment. *Id.* **at ECF No. 4035**.

On March 15, 2012, Nieves-Canales was sentenced by the court. Petitioner was sentenced to a term of imprisonment of two hundred and forty (240) months as to counts one, (1), three (3),

---

[2] As part of the verdict form the jury determined that Petitioner was to be held accountable for one (1) kilogram or more of heroin; more than fifty (50) grams of Crack; five (5) kilograms or more of cocaine; one hundred (100) kilograms or more of marihuana as to Count One (1). Regarding Count Three (3) the jury determined that Nieves-Canales illegally possessed with the intent to distribute more than five (5) grams but less than fifty (50) grams of crack. As to Count Four (4) the jury unanimously agreed that Nieves-Canales aided and abetted to illegally possess with the intent to distribute less than five hundred (500) grams of cocaine and one hundred (100) kilograms of marihuana. **Crim. No. 07-547-16, ECF No. 4034**.

four (4), five (5) and six (6) to be served concurrently with each other. *Id.* **at ECF No. 5243**. Judgment was entered on March 15, 2012. *Id.* **at ECF No. 5245**. On March 20, 2012, Nieves-Canales filed a timely Notice of Appeal. *Id.* **at ECF No. 5245**.

On February 6, 2015, while Nieves-Canales' appeal was pending, Petitioner filed a Motion for Reduction of Sentence Pursuant to Amendment 782. *Id.* **at ECF No. 5939**. An initial determination was made by a Magistrate Judge that Petitioner may qualify for a sentencing reduction pursuant to Amendment 782, as such the matter was referred to the presiding judge. *Id.* **at ECF No. 5939**.

On August 27, 2015, the First Circuit Court of Appeals issued its Opinion and Order as to Nieves-Canales' appeal and two additional co-defendants. *See United States v. Lanza-Vazquez*, 799 F.3d 134 (1st Cir. 2015). Nieves-Canales' conviction and sentence were affirmed. *Id.* On October 26, 2015, the Court issued its Order granting Nieves-Canales' Motion for Reduction of Sentence Pursuant 782 Amendment, reducing the original sentence of two hundred and forty (240) months to a term of imprisonment of one hundred and ninety-two (192) months. **Crim. No. 07-547-16, ECF No. 6268**. On July 5, 2016, Nieves-Canales certified that a timely *pro-se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence was placed in the prison mail system. **Civil No. 16-2677, ECF No. 1**.

## II. Standard of Review

Pursuant to 28 U.S.C. section 2255, "[a] prisoner in custody under sentence of a court established by [an] Act of Congress . . . may move the court which imposed the sentence to

vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). "[T]he statute provides for post-conviction relief in four instances, namely, if the petitioner's sentence (1) was imposed in violation of the Constitution, or (2) was imposed by a court that lacked jurisdiction, or (3) exceeded the statutory maximum, or (4) was otherwise subject to collateral attack." *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998) (*citing Hill v. United States*, 368 U.S. 424, 426-27 (1962)). Claims that do not allege constitutional or jurisdictional errors are properly brought under section 2255 only if the claimed error is a "fundamental defect which fundamentally results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." *Id.*

A motion under § 2255 is not a substitute for a direct appeal. *Foster v. Chatman*, 136 S. Ct. 1737, 1758 (2016). As a result, "as a general rule, federal prisoners may not use a motion under 28 U.S.C. § 2255 to relitigate a claim that was previously rejected on direct appeal." Id. (citations omitted). Moreover, "[c]ollateral relief in a § 2255 proceeding is generally unavailable if the petitioner has procedurally defaulted his claim by failing to raise the claim in a timely manner at trial or on direct appeal." *Bucci v. United States*, 662 F.3d 18, 27 (1st Cir. 2011) (quotation marks and citations omitted). If a section 2255 petitioner does not raise a claim on direct appeal, that claim is barred from judicial review unless Petitioner can demonstrate both (1) cause for the procedural default and (2) actual prejudice resulting from the error asserted. *Id.*; *United States v. Frady*, 456 U.S. 152, 167-68 (1982).

### III. Discussion

Nieves-Canales moves to vacate, set aside or correct his sentence on the following grounds: (1) the suppression of the illegally obtained evidence from a state case that was subsequently dismissed; (2) the objection to any and all enhancements not found by the jury or admitted by petitioner; (3) objection to the lack of a unanimous guilty verdict; and (4) a challenge to the sufficiency of the evidence at trial and on appeal. **Civil No. 16-2677, ECF No. 1** at 4-8. He frames these allegations in the cloak of an ineffective assistance of counsel allegation.

### A. Claims not raised on appeal

Prior to addressing petitioner's claims, the Court must address a procedural matter. Nieves-Canales' failure to raise two (2) of his four (4) previously described arguments on direct appeal. In his appeal Nieves-Canales only argued issues related to enhancements used at his sentence (issue two) and sufficiency of evidence (issue four). Because Petitioner failed to raise on appeal claims related to suppression of illegally obtained evidence in a state case (issue one) and lack of unanimous verdict (issue three) these two claims would be defaulted absent a showing of cause and prejudice. *Bucci v. United States*, 662 F.3d 18,27 (1st Cir. 2011). Issues raised on direct appeal, those already resolved, and those considered waived are barred in post-conviction motions. *See Massaro v. United States*, 538 U.S. 500, 504 (2003); *Damon v. United States*, 732 F.3d 1, 4 (1st Cir. 2013); *United States v. Escobar-de Jesus*, 187 F.3d 148, 159-162 (1st Cir. 1999). In a collateral attack, petitioner is therefore barred not only from relitigating issues which could have been but were not raised in direct appeal absent an intervening change in the law. *Vega-*

*Colon v. United States*, 463 F. Supp. 2d 146, 150 (D.P.R. 2006) (citing *Davis v. United States*, 41 U.S. 333, 342 (1974). Once a petitioner procedurally defaults on a claim for failure to raise it on direct appeal, as in the case at hand, "the claim may be raised…only if the defendant can first demonstrate either 'cause' and actual 'prejudice' or that he is 'actually innocent,'" *Bousley v. United States*, 523 U.S. 614, 622 (1988); *Massaro v. United States*, 538 U.S. 500, 504 (2003). Such is not the case of Nieves-Canales' claims.

Nieves-Canales has not made a claim of actual innocence. Before the Court are challenges which Nieves-Canales could have brought on appeal but choose not to; as well as an undeveloped claim, all unsupported by the record. Thus, petitioner must demonstrate cause and actual prejudice for his failure to appeal.

The showing of cause must be measured against a stringent standard of diligence, and "ordinarily requires a showing of some external impediment preventing counsel from constructing or raising a claim." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Thus, petitioner must have the ability to show that an objective factor external to the defense impeded compliance with procedural rules. *Id.* Once providing a showing a cause, petitioner must then meet step two: demonstrate actual prejudice. To show actual prejudice the petitioner must show a reasonable probability that the trial's result would have been different if the claimed errors in procedural default had not occurred. *Strickler v. Greene*, 527 U.S. 263, 283 (1999).

Nieves-Canales has neither made a showing, nor attempted, to establish cause and actual prejudice as to his allegations regarding his request to suppress illegally obtained evidence and

lack of unanimous verdict.[3] Thus, both claims are procedurally defaulted and as such, are dismissed.

  B. **Issues raised on appeal**

It is a well settled rule that "issues resolved by a prior appeal will not be reviewed again by way of a 28, United States Code, Section 2255." *Murchu v. United States*, 926 F.2d 50, 54 (1st Cir. 1991) (citing *Dirring v. United States*, 370 F.2d 862, 864 (1st Cir. 1967); *see also Santiago v. United States*, 889 F.2d 371, 377 (1st Cir.1989); *Tracey v. United States*, 739 F.2d 679, 682 (1st Cir.1984), *cert. denied*, 469 U.S. 1109 (1985); *Berthoff v. United States*, 308 F.3d 124 (1st Cir. 2002).

In the case of Nieves-Canales, his appeals counsel filed a timely appeal with the First Circuit Court. Two principal arguments were raised by appellate counsel. The first challenged the sufficiency of the evidence with a claim of a prejudicial variance and the second was an *Alleyne* claim as to his drug quantity responsibility determination for sentencing purposes.

---

[3] The Court notes that Nieves-Canales' challenges, if they were not procedurally defaulted, would be denied. A review of the trial transcript (day eighteen) clearly indicates that not only was the jury verdict unanimous but that each individual member of the jury, upon request from counsel, was polled as to the veracity of the guilty verdict and each one individually answered in the affirmative, thus defeating Petitioner's argument. **Crim. No. 07-547-16, ECF Nos. 6400 & 6401**. As to the challenge regarding the use of illegally obtained evidence which petitioner claims, the First Circuit Court, in its analysis of Nieves-Canales' challenge of sufficiency of the evidence, stated as follows: "Nieves' appeal principally targets the adequacy of the evidence. In doing so, he asserts a traditional sufficiency of the evidence claim and a prejudicial variance charge…. He contends that all the evidence tying him to the conspiracy was 'minimal, general, and devoid of details.'… Here, we need not dwell-the testimony of several witnesses connected Nieves directly to Alfafa's organization, which would have permitted any reasonable jury to find him guilty on Count I of the indictment. *United States v. Lanza-Vazquez*, 799 F.3d 134 at 147-148 (1st Cir. 2015).

Therefore, the two remaining issues raised in petitioner's 2255 motion were already raised and considered at the appellate level. As a result, Nieves-Canales is barred from raising them through a collateral claim of ineffective assistance of counsel.

As to the sufficiency of the evidence, in *Lanza-Vazquez*, the First Circuit Court stated:

> We do not make credibility determinations when assessing the evidence, but instead ask whether sufficient evidence existed to support a conviction. United States v. Rivera-Rodriguez, 617 F.3d 581, 595 n.6 (1st Cir. 2010). Here, we need not dwell-the testimony of several witnesses connected Nieves directly to Alfafa's organization, which would have permitted any reasonable jury to find him guilty on count I of the indictment.
>
> For example, Pizarro testified that Nieves owned the "$12 bag" of marijuana and that Alfalfa permitted Nieves to sell it. Pizarro further explained that Nieves was always armed and that he engaged in shootings as part of his protective duties. Pizarro next discussed how Nieves was related to others in the organization, how he took marijuana from him at a drug point on a specific occasion, and why, as a key enforcer, he was dibbed "sergeant." Pizarro's testimony alone was sufficient to sustain the conviction on this count.
>
> Additional testimony and evidence also connected Nieves to the conspiracy. Diaz-Martinez, for example, identified Nieves as the owner of the "$12 bag" of marijuana, and noted that he had tallied money with him. Diaz-Martinez further testified that he witnessed Nieves carrying firearms at Selles and that Nieves provided protection at drug points. Relatedly, law enforcement officers testified to physical evidence that was tied to Nieves. Such physical evidence included shavings of marijuana, an illegal firearm, two riffles, and three pistols. In sum, the evidence was enough to permit a jury to reasonably infer that Nieves intended to, and then did, join the conspiracy. See, e.g., United States v. Lizardo, 445 F.3d 73, 81 (1st Cir. 2006).

*Lanza-Vazquez*, 799 F.3d at 148.

Considering the above, Nieves-Canales is not entitled on collateral review to re-litigate issues raised on direct appeal, absent an intervening change in law. *Vega-Colon*,

463 F. Supp. 2d at 150 (*citing Davis*, 41 U.S. at 342). Hence, his claim as to sufficiency of the evidence is also dismissed.

As to the allegations of improper enhancements at sentencing and drug quantity determinations that were not done by the jury as fact finders, these were also disposed of by the First Circuit Court and are contrary to the record. In *Lanza-Vázquez*, the First Circuit Court stated as follows:

> The three defendants finally take aim at their sentences. Principally, they disagree with the district court's adoption of certain Guidelines enhancements. We find no errors, and single out only one point for discussion: Nieves' argument in his Federal Rule of Appellate Procedure 28(j) letter that the district court violated Alleyne in making certain drug-quantity findings.
>
> In establishing Nieves' base-offense level under the Guidelines, U.S.S.G. Sec. 2D1.1(c)(1), the district court adopted the jury's findings respecting the amount of drugs that Nieves was responsible for on count one, the broad conspiracy charge. This contributed to setting his base offense level at 34. Nieves argues that the district court committed an Alleyne error when it made this drug-quantity determination as it subjected him to an "enhanced sentence". He also seems to argue, although just barely, that the court utilized these findings to subject him to a statutory mandatory-minimum.
>
> …
>
> In any event, we need not conclusively make that determination since, even assuming that Alleyne applies, no error occurred. Our decision in United States v. Acosta-Colon, 741 F.3d 179 (1stCir.2013), is instructive. In that case, the jury, like the one in this case, made individualized findings that each defendant conspired to possess and distribute a specific quantity of drugs. The judge then utilized that precise number to determine the quantity of drugs the defendant was responsible for. Id. at 192. We found no error because "the jury's individualized drug-quantity findings still [the defendant's] cry that no individualized findings drove this part of the judge's sentencing decision." Id.

> As in Acosta-Colon, the district court here utilized a special verdict form requiring the jury to make certain drug-quantity findings. The form asked the jury, with respect to each drug type and each defendant, "Do you unanimously agree, by proof beyond reasonable doubt, that the quantity of substance containing a detectable amount of [drug] which the defendant conspired to possess with the intent to distribute was: [amount]." Since the jury did just that, the court acted appropriately in attributing that precise amount to Nieves. United States v. Lanza-Vazquez at 150. *Lanza-Vázquez*, 799 F.3d at 149-150.

Nieves-Canales "may not revive claims already decided on direct appeal by cloaking them in 'ineffective assistance of counsel' garb in a Section 2255 petition." *Dowdell v. United States*, 859 F.Supp.2d 176, 178-179 (D.Ma. 2012) (citing *United States v. Michaud*, 901 F.2d 5, 6 (1st Cir. 1990)). Accordingly, his claim of improper sentencing enhancements is similarly dismissed.

Clearly, Nieves-Canales' filing under the gist of a claim of ineffective assistance of counsel is tantamount to seeking a second bite at the apple. That is not the purpose of a 2255 petition for relief. Petitioner is neither entitled nor allowed to present issues which should have been raised on appeal but weren't. Moreover, petitioner is not allowed to relitigate by collateral means issues already decided on appeal. As such, there is no need to delve into a frivolous and underdeveloped blanket assertion of ineffective assistance of counsel. Consequently, petitioner's 2255 request for relief is **DENIED**.

## C. Evidentiary Hearing

As part of his 2255 motion, Nieves-Canales requested an evidentiary hearing. However, petitioner failed to meet the requirements for such a hearing to be granted. For petitioner to prosper in his request, he must be able to demonstrate to the Court by a preponderance of the

evidence, not only an entitlement to the 2255 petition for relief, but also entitlement to an evidentiary hearing. *David v. United States*, 134 F.3d 470, 477-478 (1st Cir. 1998); *Reyes v. United States*, 421 F.Supp. 2d 426, 430 (D.P.R. 2006). Since petitioner failed in his burden as to his 2255 petition, he equally failed in the request for an evidentiary hearing. Therefore, Nieves-Canales' request for an evidentiary hearing is **DENIED**.

### D. Certificate of Appealability

For the reasons previously stated the Court hereby denies petitioner's request for relief pursuant to 28 U.S.C. Section 2255. It is further ordered that no certificate of appealability should be issued if Petitioner files a notice of appeal since there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. 2253(c)(2).

### IV. Conclusion

For the above stated reasons, Nieves-Canales' motion under 28 U.S.C. § 2255 is **DENIED**. Petitioner's request for evidentiary hearing is **DENIED**. The case is **DISMISSED with prejudice**. Judgment shall be entered accordingly.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 30th day of September 2019.

                                              **S/AIDA M. DELGADO-COLÓN**
                                              **United States District Judge**